IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | | |
|---|---|---|
| **ROBERTA BLOCK** | : | Case No.: |
| 4881 US Highway 27 North, Lot 17 | : | |
| Richmond, Indiana 47374 | : | Judge: |
| | : | |
| **Plaintiff**, | : | Magistrate: |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| **STANDARD INSURANCE** | : | |
| **COMPANY** | : | |
| P.O. Box 711 | : | |
| Portland, OR 97207-0711 | : | |
| | : | |
| SERVICE OF PROCESS: | : | |
| CT Corporation System | : | |
| Registered Agent | : | |
| 251 E. Ohio St., Suite 1100 | : | |
| Indianapolis, IN 46204 | : | |
| | : | |
| **Defendant**. | : | |

# COMPLAINT

For her Complaint against the Defendant, Standard Insurance Company, Plaintiff, Roberta Block states as follows:

## Parties

1. The Plaintiff, Ms. Block, was at all relevant times an employee of Belden, Inc. ("Belden") and a participant in an employee benefit plan (the "Plan") established and maintained by Standard Insurance Company ("Standard") under the provisions of the Employee Retirement Income Security Act for the purpose of paying long-term disability benefits.

2. The Defendant, Standard, at all times relevant to this proceeding, is the insurer, underwriter, and/or

administrator, under Claim No. 00JL5490 (the "Policy"), of the long-term disability benefits at issue in this case. Standard is, therefore, a real party in interest with respect to this claim.

3. Belden was the employer of Plaintiff Ms. Block at all times relevant to this action in Richmond, Wayne County, Indiana.

## Jurisdiction and Venue

4. The Plaintiff's claims arise under ERISA. Jurisdiction is based on 29 U.S.C. § 1132.

5. The Plan is administered, in part, in Wayne County, Indiana. Venue is appropriate in the Southern District of Indiana at Indianapolis.

## Facts Common to All Claims

6. The Plaintiff, Ms. Block, was employed by Belden as a Customer Service Representative.

7. As an employee of Belden, Ms. Block was eligible to participate in the Plan.

8. Under the Policy, Ms. Block was entitled to disability benefits if she met the definition of disabled under the Policy.

9. Ms. Block was entitled to long-term disability benefits so long as she met the definition under the Policy.

10. On or about June 19, 2022, Ms. Block became disabled and applied to Standard for disability benefits.

11. Ms. Block was paid benefits through March 31, 2023.

12. Ms. Block was ultimately denied benefits following March 31, 2023 and she has exhausted her administrative appeal options. The final administrative denial in this proceeding is dated November 7, 2023 issued by Standard, and finding that Ms. Block does not meet the "Own Occupation" definition of Disability for LTD benefits.

## Count I- For Long-Term Benefits

13. The foregoing allegations are incorporated by reference as if fully rewritten herein.

14. Ms. Block brings this claim under 29 U.S.C. § 1132 and seeks payment of long-term disability benefits.

15. Ms. Block returned to full time employment on June 10, 2024; however, continued to be disabled under the Plan from March 31, 2023 through June 10, 2024 (15 months) and is entitled to long-term disability benefits for that period.

16. The decisions of Standard denying Ms. Block's claim were arbitrary and capricious because, *inter alia*, in light of Ms. Block's physical diagnosis and limitations, Ms. Block was unable to perform the main duties or tasks that are normally required of her occupation, or other occupations, from March 31, 2023 through June 10, 2024.

WHEREFORE, the Plaintiff, Ms. Block, demands judgment in her favor and against the Defendant, PLIC, as follows:

A.   A determination that Ms. Block was disabled and entitled to long-term disability benefits from March 31, 2023 through June 10, 2024;

B.   A lump sum award of long-term disability benefits, calculated based upon the monthly payment to which Ms. Block was entitled, for the period described.

C.   Pre-judgment and post-judgment interest;

D.   Attorney's fees and the costs of this action; and

E.   Such other and further relief as the Court determines to be equitable and just.

Respectfully submitted,

/s/ Robert L. Raper
**ROBERT L. RAPER**
Dyer, Garofalo, Mann & Schultz
131 N. Ludlow St.,
Suite 1400
Dayton, Ohio 45402
937-223-8888
937-424-2885 (fax)
rraper@dgmslaw.com
Attorney for Plaintiff, Ms. Block